

## JO-2024-CV-006031 : Carlos Ramos vs. Vista Outdoor Inc., et al
State of Kansas - Johnson County District Court

| | | | |
|---|---|---|---|
| **Case Number** | JO-2024-CV-006031 | **Plaintiff** | Carlos Ramos |
| **Case Type** | CV Employment Dispute - Discrimination | **Defendant** | Vista Outdoor Inc. et al |
| **Opened** | | **Judge** | Honorable Catherine M Triplett (D21) - Division CTRIPLETT |
| **Status** | Active | | |

⊞ Show/Hide Participants

| File Date | | Case History |
|---|---|---|
| 12-10-2024  03:46:00 PM | | PLE: Petition Petition for Damages |
| 12-20-2024  11:50:00 AM | | ORD: Summons - Filer Drafted Bushnell Corporation Summons |
| 12-20-2024  11:50:00 AM | | ORD: Summons - Filer Drafted Vista Outdoor Inc. Summons |



EXHIBIT A

**ELECTRONICALLY FILED**
2024 Dec 10 PM 3:46
CLERK OF THE JOHNSON COUNTY DISTRICT COURT
CASE NUMBER: JO-2024-CV-006031
PII COMPLIANT

**IN THE DISTRICT COURT OF JOHNSON COUNTY KANSAS**

| | | |
|---|---|---|
| CARLOS RAMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| VISTA OUTDOOR INC. | ) | **JURY TRIAL DEMANDED** |
| **Serve: 112 SW 7th St., Suite 3C,** | ) | |
| **Topeka, KS 66603** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BUSHNELL CORPORATION, | ) | |
| **Serve: 9200 Cody, Overland** | ) | |
| **Park, KS 66214** | ) | |
| | ) | |
| Defendants. | ) | |

**PETITION FOR DAMAGES**

**COMES NOW**, Plaintiff Carlos Ramos ("Plaintiff"), by and through his undersigned counsel, and for his Petition for Damages against Defendant Vista Outdoor Inc. ("Defendant Vista") and Defendant Bushnell Corporation ("Defendant Bushnell"), collectively "Defendants," states and alleges as follows:

**PARTIES**

1. Plaintiff is an individual residing at 1523 Pacific Ave, Kansas City, KS 66102.

2. Defendant Vista is a foreign for-profit corporation authorized to do business within the state of Kansas and maintains a place of business at 22101 W. 167th St, Olathe, KS 66062.

3. Defendant Bushnell is a foreign for-profit corporation authorized to do business within the state of Kansas and maintains a place of business at 22101 W. 167th St, Olathe, KS 66062.

## JURISDICTION AND VENUE

4. Pursuant to Kan. Stat. Ann. § 60-308, Defendants are subject to personal jurisdiction because they maintain businesses in Kansas, engage in business transactions in Kansas, make contracts within Kansas, and the allegations contained herein arise from the business that they conduct within Kansas.

5. Pursuant to Kan. Stat. Ann. § 20-301, this Court has original jurisdiction over the subject matter of this dispute because the claims arise from transactions and occurrences that took place in Johnson County in the State of Kansas.

6. Venue is proper in this Court pursuant to Kan. Stat. Ann. § 44-1127.

7. Plaintiff has exhausted his administrative remedies.

## BACKGROUND

8. In December 2020, Plaintiff began working for Defendant Bushnell as a Packer. He packed various products for shipment, including binoculars, holsters, gun cases, scopes, and hunting equipment. He also served as a Picker and Dock Worker when needed.

9. In March 2021, Defendants posted a job opening for a Team Lead position seeking to fill 3 to 4 vacancies.

10. Plaintiff's supervisor, Casey Ruff, encouraged him to apply.

11. Approximately two weeks after applying, Plaintiff asked manager Angel Love about the status of his application.

12. Ms. Love said, "You're new right?" Plaintiff responded, "Yes, but I have successfully completed my 90 day probationary period, which makes me eligible for the position." Ms. Love replied that Plaintiff had a "long line" in front of him and a lot of workers had been at the company longer than him.

13. Ms. Love's demeanor and attitude toward Plaintiff were dismissive and mocking.

14. Although Plaintiff applied and was qualified for the position of Team Lead, he was never interviewed for the position.

15. Mr. Ruff, Plaintiff's supervisor who encouraged him to apply, also said he should have at the very least been interviewed for the position.

16. All three candidates selected as Team Leads were African American, the same race as Ms. Love. Two of those candidates had been employed at the company for less than a year and were under 40 years of age.

17. After learning about the selected candidates, Plaintiff went to Human Resources and spoke with a representative named Latoya Brown.

18. Plaintiff told Ms. Brown that he was being discriminated against because of his race and national origin.

19. Ms. Brown told Plaintiff that Ms. Love simply picked who she wanted for the Team Lead positions.

20. Defendants failed to conduct an investigation regarding Plaintiff's complaint.

21. In fact, during the morning meeting after Plaintiff's complaint, Ms. Love forbade all employees from going directly to Human Resources to complain without speaking to her first.

22. In November 2021, Plaintiff became a Driver, which required him to use a forklift to move products throughout the warehouse. Plaintiff was not certified on the forklift until September 2023. The training and certification process took place outside of the warehouse. He was the only forklift driver not certified for approximately two years. He also wanted to become certified on the cherry picker and other machines.

23. Plaintiff believes that Defendants required him to perform duties of a Driver without proper certification as a form of discrimination because the other Drivers were certified, but did not have the same race or national origin as Plaintiff.

24. Also in November 2021, Plaintiff became a Trainer, which required him to train new employees on picking, packing, and dock work. Another trainer remarked that Plaintiff was only selected as Trainer to "shut [his] mouth" from complaining about discrimination.

25. In November 2022, Plaintiff applied a second time to become a Team Lead.

26. This time, he received an interview with his former supervisor, Mr. Ruff, although it occurred two months after he applied.

27. During the interview, Mr. Ruff asked engaging questions and took notes.

28. Approximately three months later, Plaintiff inquired about the position and learned from Ms. Love that the position was canceled.

29. Mr. Ruff explained to Plaintiff that Plaintiff had the most experience of all the applicants and that he had chosen Plaintiff to fill the position.

30. None of the other applicants had the same race and national origin as Plaintiff.

31. Mr. Ruff stepped down from his role as supervisor because he did not like the way job opportunities were being offered to employees and applicants, among other things.

32. Additionally, one of the Team Leads quit the company because three Team Leads were needed to manage the workload, but there were only two Team Leads.

33. Because Ms. Love refused to promote Plaintiff and canceled the position, the company only had two Team Leads instead of three.

34. In October 2023, Plaintiff applied for the Team Lead position for a third time. There was

only one Team Lead at the time while the workload required three Team Leads.

35. Once Plaintiff applied, Ms. Brown from Human Resources explained that Supervisor Bruce would email him the following Saturday to schedule an interview.

36. After several weeks passed by and at least one other employee received an interview, Plaintiff asked Ms. Love about his interview.

37. Ms. Love said that Mr. Bruce could not interview Plaintiff by himself and that she needed to be present, which was not how interviews were usually conducted.

38. Mr. Bruce emailed Plaintiff a week later and finally conducted an interview. He rushed through the questions and did not take notes. Mr. Bruce did not appear to take Plaintiff's candidacy seriously.

39. Ms. Love was not present, but she did interview the other candidate.

40. Defendants selected a candidate other than Plaintiff who appeared to be Hispanic, but whose nation of origin is the United States. The selected candidate's primary language is English and their age was younger than 30.

41. On information and belief, the selected candidate declined to accept the offer on October 30, 2023.

42. After the selected candidate rejected the opportunity, Defendant did not offer Plaintiff the position of Team Lead and has failed to promote him.

43. Upon information and belief, none of the Hispanic employees who have a national origin outside of the United States have been promoted to Team Lead, although they are very effective and reliable employees.

44. Defendants have a pattern and practice of discriminating against employees who were born in Mexico and/or Hispanic employees.

45. Ms. Love also refused Plaintiff's request to change shifts, stating that it was not allowed. However, Ms. Brown explained that Ms. Love's statement was not true and that Plaintiff could change shifts.

46. Plaintiff has been a diligent and dedicated employee. He has worked many hours of overtime and covered multiple shifts, even at the request of Ms. Love.

47. Plaintiff is well qualified. He has over 10 years of experience as a supervisor in a warehouse and over 17 years of experience in customer service.

48. Plaintiff has been discriminated against and retaliated against because of his race, color, national origin, and age. He is 59 years old, Hispanic, and was born in Mexico. He is bilingual with Spanish being his primary language.

### COUNT I
### RACE DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT

49. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

50. Defendants discriminated against Plaintiff in violation of Title VII of the Civil Rights Act with respect to his pay and job position.

51. Plaintiff's race was a motivating factor in Defendants' discrimination.

52. Defendants' actions against Plaintiff were outrageous because Defendants had an evil motive and/or reckless indifference to the rights of others.

53. As a direct and proximate result of Defendants' discrimination, Plaintiff has and will continue to suffer from emotional distress, lost wages, including front and back pay and other benefits, reasonable attorneys' fees and costs necessary for litigation.

WHEREFORE, Plaintiff Carlos Ramos requests that this Court enter judgment in his

favor and against Defendants Vista Outdoor Inc. and Bushnell Corporation and award Plaintiff damages as proven at trial, including punitive damages, attorneys' fees and related litigation and enforcement expenses, and such other and further relief as deemed just and proper.

## COUNT II
## RACE DISCRIMINATION IN VIOLATION OF
## <u>TITLE VII OF THE CIVIL RIGHTS ACT - FAILURE TO PROMOTE</u>

54. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

55. Plaintiff belongs to a protected group because he is Mexican American.

56. Plaintiff was qualified for the position of Team Lead and he applied multiple times to be considered for the position.

57. Despite being qualified, Plaintiff was not considered for the position and was rejected multiple times; the positions were filled by others less qualified than Plaintiff.

58. Defendants discriminated against Plaintiff in violation of Title VII of the Civil Rights Act by failing to promote Plaintiff and failing to consider him for promotion.

59. Plaintiff's race was a motivating factor in Defendant's discrimination.

60. Defendants' actions against Plaintiff were outrageous because Defendants had an evil motive and/or reckless indifference to the rights of others.

61. As a direct and proximate result of Defendants' discrimination, Plaintiff has and will continue to suffer from emotional distress, lost wages, including front and back pay and other benefits, reasonable attorneys' fees and costs necessary for litigation.

WHEREFORE, Plaintiff Carlos Ramos requests that this Court enter judgment in his favor and against Defendants Vista Outdoor Inc. and Bushnell Corporation and award Plaintiff damages as proven at trial, including punitive damages, attorneys' fees and related litigation and

enforcement expenses, and such other and further relief as deemed just and proper.

## COUNT III
## RETALIATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT

62. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

63. Plaintiff engaged in protected activity under Title VII of the Civil Rights Act when he complained of race discrimination.

64. Defendants took adverse employment action against Plaintiff in violation of Title VII of the Civil Rights Act.

65. Plaintiff's complaint relating to race was a motivating factor in Defendants' adverse employment action and discriminatory treatment against him.

66. Defendants' actions against Plaintiff were outrageous because Defendants had an evil motive and/or reckless indifference to the rights of others.

67. As a direct and proximate result of the Defendants' retaliation, Plaintiff has and will continue to suffer from emotional distress, lost wages, including front and back pay and other benefits, reasonable attorneys' fees and costs necessary for litigation.

WHEREFORE, Plaintiff Carlos Ramos requests that this Court enter judgment in his favor and against Defendants Vista Outdoor Inc. and Bushnell Corporation and award Plaintiff damages as proven at trial, including punitive damages, attorneys' fees and related litigation and enforcement expenses, and such other and further relief as deemed just and proper.

## COUNT IV
## RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

68. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

69. At all times relevant, Plaintiff was a Mexican American employee of Defendants and maintained a contractual relationship through at-will employment.

70. At all times relevant, Defendants were an employer subject to 42 U.S.C. § 1981.

71. Defendants discriminated against Plaintiff in violation of 42 U.S.C. § 1981 through its actions, policies, behavior, and treatment toward Plaintiff with respect to his pay and job position.

72. Plaintiff's race was the motivating factor in the discriminatory treatment by Defendants.

73. Defendants' actions against Plaintiff were taken with malice or with reckless indifference to Plaintiff's federally protected rights.

74. As a direct and proximate result of Defendants' discrimination, Plaintiff has and will continue to suffer from emotional distress, lost wages, including front and back pay and other benefits, reasonable attorneys' fees and costs necessary for litigation.

WHEREFORE, Plaintiff Carlos Ramos requests that this Court enter judgment in his favor and against Defendants Vista Outdoor Inc. and Bushnell Corporation and award Plaintiff damages as proven at trial, including punitive damages, attorneys' fees and related litigation and enforcement expenses, and such other and further relief as deemed just and proper.

## COUNT V
## RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981
## <u>FAILURE TO PROMOTE</u>

75. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

76. At all times relevant, Plaintiff was a Mexican American employee of Defendants and maintained a contractual relationship through at-will employment and is protected under 42 U.S.C. § 1981.

77. At all times relevant, Defendants were an employer subject to 42 U.S.C. § 1981.

78. Plaintiff applied for an available promotion for which he was qualified and was rejected under circumstances which give rise to an inference of unlawful discrimination.

79. Defendants discriminated against Plaintiff in violation of 42 U.S.C. § 1981 when it failed to promote him and failed to consider him for promotion.

80. Plaintiff's race was the motivating factor in the discriminatory treatment by Defendants.

81. Defendants' actions against Plaintiff were taken with malice or with reckless indifference to Plaintiff's federally protected rights.

82. As a direct and proximate result of Defendants' discrimination, Plaintiff has and will continue to suffer from emotional distress, lost wages, including front and back pay and other benefits, reasonable attorneys' fees and costs necessary for litigation.

WHEREFORE, Plaintiff Carlos Ramos requests that this Court enter judgment in his favor and against Defendants Vista Outdoor Inc. Bushnell Corporation and award Plaintiff damages as proven at trial, including punitive damages, attorneys' fees and related litigation and enforcement expenses, and such other and further relief as deemed just and proper.

## COUNT VI
## RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

83. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

84. Plaintiff engaged in protected activity when he complained of race discrimination.

85. Defendants took adverse employment action against Plaintiff in violation of 42 U.S.C. § 1981.

86. Plaintiff's complaint relating to race was a motivating factor in Defendants' adverse employment action and discriminatory treatment against him.

87. Defendants' actions against Plaintiff were outrageous because Defendants had an evil motive and/or reckless indifference to the rights of others.

88. As a direct and proximate result of the Defendants' retaliation, Plaintiff has and will continue to suffer from emotional distress, lost wages, including front and back pay and other benefits, reasonable attorneys' fees and costs necessary for litigation.

WHEREFORE, Plaintiff Carlos Ramos requests that this Court enter judgment in his favor and against Defendants Vista Outdoor Inc. Bushnell Corporation and award Plaintiff damages as proven at trial, including punitive damages, attorneys' fees and related litigation and enforcement expenses, and such other and further relief as deemed just and proper.

## COUNT VII
## DISCRIMINATION IN VIOLATION OF
## <u>THE AGE DISCRIMINATION IN EMPLOYMENT ACT</u>

89. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

90. Defendants discriminated against Plaintiff in violation of the Age Discrimination in Employment Act.

91. Plaintiff's age was a motivating factor in Defendants' discrimination.

92. Defendants' actions against Plaintiff were outrageous because Defendants had an evil motive and/or reckless indifference to the rights of others.

93. As a direct and proximate result of Defendants' discrimination, Plaintiff has and will continue to suffer from emotional distress, lost wages, including front and back pay and other benefits, reasonable attorneys' fees and costs necessary for litigation.

WHEREFORE, Plaintiff Carlos Ramos requests that this Court enter judgment in his favor and against Defendants Vista Outdoor Inc. Bushnell Corporation and award Plaintiff

damages as proven at trial, including punitive damages, attorneys' fees and related litigation and enforcement expenses, and such other and further relief as deemed just and proper.

**COUNT VIII**
**RETALIATION IN VIOLATION OF**
**THE AGE DISCRIMINATION IN EMPLOYMENT ACT**

94. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

95. Plaintiff engaged in protected activity under the Age Discrimination in Employment Act when he complained of age discrimination.

96. Defendants took adverse employment action against Plaintiff in violation of the Age Discrimination in Employment Act.

97. Plaintiff's complaint relating to age was a motivating factor in Defendants' adverse employment action and discriminatory treatment against him.

98. Defendants' actions against Plaintiff were outrageous because Defendants had an evil motive and/or reckless indifference to the rights of others.

99. As a direct and proximate result of the Defendants' retaliation, Plaintiff has and will continue to suffer from emotional distress, lost wages, including front and back pay and other benefits, reasonable attorneys' fees and costs necessary for litigation.

WHEREFORE, Plaintiff Carlos Ramos requests that this Court enter judgment in his favor and against Defendants Vista Outdoor Inc. Bushnell Corporation and award Plaintiff damages as proven at trial, including punitive damages, attorneys' fees and related litigation and enforcement expenses, and such other and further relief as deemed just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury for all issues herein.

By:   /s/*Henry W. Tanner. Jr*
Henry W. Tanner Jr. (KS 26481)
The Law Firm of Henry Tanner LLC
1432 E. 49th Terrace
Kansas City, Missouri  64110
Telephone: (816) 547-2162
Email: henry@htannerlaw.com

**Attorney for Plaintiff**

**ELECTRONICALLY FILED**
2024 Dec 20 AM 11:50
CLERK OF THE JOHNSON COUNTY DISTRICT COURT
CASE NUMBER: JO-2024-CV-006031
PII COMPLIANT



| | |
|---|---|
| **Court:** | Johnson County District Court |
| **Case Number:** | JO-2024-CV-006031 |
| **Case Title:** | Carlos Ramos  vs.  Vista Outdoor Inc., et al |
| **Type:** | ORD: Summons - Filer Drafted Bushnell Corporation Summons |

SO ORDERED,

/s/ Sarah Toynbee, Deputy Clerk

Electronically signed on 2024-12-20 11:50:57                page 1 of 3

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

| | |
|---|---|
| CARLOS RAMOS, )<br>    Plaintiff, )<br> )<br>V. )<br> )<br>VISTA OUTDOOR INC )<br> )<br>and )<br> )<br>BUSHNELL CORPORATION, )<br>    Defendant. ) | Case No.  JO-2024-CV-006031 |

### SUMMONS

To:    Bushnell Corporation,

A civil lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached petition or a motion under K.S.A. 60-212. Under Kansas Supreme Court Rule 113, you may seek from the clerk of the court an extension of up to 14 additional days to serve and to file an answer or a K.S.A. 60-212 motion.

If you fail within 21 days to serve and to file an answer or a K.S.A. 60-212 motion or obtain a Rule 113 extension, the court may enter default judgment against you for the relief demanded in the petition. If you were served outside of Kansas, however, the court may not enter default judgment against you until at least 30 days after service of

this summons.

The answer or K.S.A. 60-212 motion must be served on the plaintiff's attorney, or the plaintiff if plaintiff has no attorney, at the following address:

<u>Henry W. Tanner Jr.</u>
*(Attorney's name or Plaintiff's name)*

<u>1432 E. 49th Terr. Kansas City, MO 64110</u>
*(Attorney's address or Plaintiff's address)*

<u>Henry@htannerlaw.com</u>

You also must file your answer or K.S.A. 60-212 motion with the court.

When you file an answer, you must state as a counterclaim(s) any related claim(s) that you may have against the plaintiff. If you fail to do so, you will thereafter be barred from making such claim(s) in any other action.

Date _____                                  Clerk of the District Court.

Clerk's Seal                                       By _____
                                                      Clerk or Deputy

**ELECTRONICALLY FILED**
2024 Dec 20 AM 11:50
CLERK OF THE JOHNSON COUNTY DISTRICT COURT
CASE NUMBER: JO-2024-CV-006031
PII COMPLIANT



| | |
|---|---|
| **Court:** | Johnson County District Court |
| **Case Number:** | JO-2024-CV-006031 |
| **Case Title:** | Carlos Ramos  vs.  Vista Outdoor Inc., et al |
| **Type:** | ORD: Summons - Filer Drafted Vista Outdoor Inc. Summons |

SO ORDERED,

/s/ Sarah Toynbee, Deputy Clerk

Electronically signed on 2024-12-20 11:50:44            page 1 of 3

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

| | |
|---|---|
| CARLOS RAMOS,<br>    Plaintiff,<br><br>V.<br><br>VISTA OUTDOOR INC<br><br>and<br><br>BUSHNELL CORPORATION,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No.  JO-2024-CV-006031 |

## SUMMONS

To:   Vista Outdoor Inc.,

A civil lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached petition or a motion under K.S.A. 60-212. Under Kansas Supreme Court Rule 113, you may seek from the clerk of the court an extension of up to 14 additional days to serve and to file an answer or a K.S.A. 60-212 motion.

If you fail within 21 days to serve and to file an answer or a K.S.A. 60-212 motion or obtain a Rule 113 extension, the court may enter default judgment against you for the relief demanded in the petition. If you were served outside of Kansas, however, the court may not enter default judgment against you until at least 30 days after service of

this summons.

The answer or K.S.A. 60-212 motion must be served on the plaintiff's attorney, or the plaintiff if plaintiff has no attorney, at the following address:

<u>Henry W. Tanner Jr.</u>
*(Attorney's name or Plaintiff's name)*

<u>1432 E. 49th Terr. Kansas City, MO 64110</u>
*(Attorney's address or Plaintiff's address)*

<u>Henry@htannerlaw.com</u>

You also must file your answer or K.S.A. 60-212 motion with the court.

When you file an answer, you must state as a counterclaim(s) any related claim(s) that you may have against the plaintiff. If you fail to do so, you will thereafter be barred from making such claim(s) in any other action.

Date _____                                     Clerk of the District Court.

Clerk's Seal                                                    By _____
                                                                        Clerk or Deputy

Rev. 12/2022  KSJC                              2